IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PHILLIP MILLER, et al.,**

    Plaintiffs,                                    Case No. 2:13-cv-501
                                                        JUDGE GREGORY L. FROST
v.                                            Magistrate Judge Mark R. Abel

**DELAWARE COUNTY
COMMISSIONERS, et al.**

    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of the following filings: Plaintiffs' motion to compel discovery responses (ECF No. 65), Plaintiffs' motion to unseal document and release grand jury transcripts (ECF No. 64), and Defendants' memorandum in opposition to both motions (ECF No. 69). For the reasons that follow, the Court **DENIES** the motions.

**I.    BACKGROUND**

The facts of this case, as alleged in Plaintiffs' complaint, are set forth in more detail in the Court's February 4, 2014 Opinion and Order denying in part Defendants' motion to dismiss. A brief summary of those facts is set forth below.

In 2011, Plaintiffs Philip and Cathy Miller were arrested and charged with stealing money from Cathy Miller's mother. A grand jury returned an indictment against Plaintiffs and their case went to trial. Plaintiffs were acquitted of the charges against them.

Plaintiffs believe that the prosecution against them was malicious. As such, Plaintiffs filed an action in the Delaware County Court of Common Pleas ("Common Pleas Court") seeking release of the grand jury transcript in their criminal case. The Common Pleas Court made an *in camera* inspection of the grand jury transcript, considered the parties' arguments, and

denied Plaintiffs' request to unseal the transcript. Plaintiffs did not appeal the Common Pleas Court's decision.

Instead, in May of 2013, Plaintiffs filed the civil action that is the subject of this litigation. Plaintiffs asserted several claims for relief against Defendants, including a malicious prosecution claim, in which Plaintiffs alleged that they were prosecuted without probable cause.

Defendants moved to dismiss Plaintiffs' claims. On February 4, 2014, the Court issued an Opinion and Order dismissing the majority of Plaintiffs' claims. Only Plaintiffs' claim for malicious prosecution survived the motion to dismiss.

In allowing the malicious prosecution claim to proceed, the Court acknowledged that, in the Sixth Circuit, "the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." (ECF No. 41, at PAGEID # 293–94 (quoting *Barnes v. Wright*, 449 F.3d 709, 715 (6th Cir. 2006)). But that rule was not dispositive of Plaintiffs' claim at the motion to dismiss stage:

> The question thus becomes whether the indictment in this case was "fair upon its face." *Barnes*, 449 F.3d at 716. "An exception to the *Barnes* rule applies where the indictment was obtained wrongfully by defendant police officers who knowingly present false testimony to the grand jury." [*Cook v. McPherson,* 273 F. App'x 421, 424 (6th Cir. 2008).]
> Here, Plaintiffs allege that Defendant Ullom "knowingly gave the grand jurors false information at the grand jury hearing, resulting in a significantly flawed proceeding." (Compl. ¶ 61.) Specifically, Plaintiffs allege that Defendant Ullom falsely testified that Plaintiffs refused to be interviewed and refused to cooperate in the investigation. (Compl. ¶ 57.) Plaintiffs also allege that Defendant Ullom knowingly gave the grand jury inaccurate information regarding "the ownership of a life insurance policy, the gift of one of Mrs. Robbins' vehicles to another relative," and several other issues. (Compl. ¶ 59.) And although the Complaint is somewhat unclear, Plaintiffs purport to allege that Defendant Davis and Prosecutor Defendants knew that the grand jury considered false information in issuing its indictment. (Compl. ¶¶ 65, 88.) Necessarily taking these allegations as true and drawing all reasonable inferences in Plaintiffs' favor, it cannot be said

>   at this stage of the litigation that the grand jury indictment precludes Plaintiffs'
>   Fourth Amendment § 1983 claims.

(ECF No. 41, at PAGEID # 294–95.) Plaintiffs therefore were on notice as of February 4, 2014 that the content of Defendant Ullom's testimony at the grand jury proceeding is the pivotal issue on which their malicious prosecution claim rests.

Shortly after issuing the February 4, 2014 Opinion and Order, the Court set a discovery cutoff date of December 1, 2014, and a dispositive motion deadline of January 5, 2015. Plaintiffs deposed Defendant Ullom on September 22, 2014. During the deposition, Plaintiffs' counsel questioned Detective Ullom about his testimony to the grand jury, at which time Detective Ullom's counsel objected and instructed his client not to answer. Plaintiffs' counsel called the Court and provided a brief synopsis of the issue; however, the Court declined to compel Detective Ullom to answer. The Court advised Plaintiffs' counsel that she was free to file a written motion to present the issue in more detail.

Plaintiffs did not file a written motion. Several months passed, the discovery deadline came and went, and Plaintiffs did not raise the issue of their desire to unseal the grand jury transcript and/or compel Defendant Ullom to testify about his grand jury testimony.

On January 5, 2015 (the dispositive motion deadline) Defendants filed a motion for summary judgment. Defendants argue, *inter alia*, that the grand jury indictment "conclusively determines the existence of probable cause" and defeats Plaintiffs' malicious prosecution claim. (ECF No. 57, at PAGEID # 586.) Defendants argue that Plaintiffs cannot present evidence that the grand jury proceedings were flawed.

Plaintiff responded to Defendants' motion by filing the two motions that are the subject of this Opinion and Order. Despite the fact that Plaintiffs clearly seek additional discovery, and that the discovery deadline expired well before Plaintiffs filed their motion, Plaintiffs now ask

the Court to unseal the grand jury transcript and compel Defendants to respond to Plaintiffs' discovery requests directed at the grand jury testimony. Defendants pointed out the untimely nature of Plaintiffs' motions; however, Plaintiffs did not file a reply brief or otherwise address this argument.

## II.     ANALYSIS

As an initial matter, the Court agrees with Defendants that Plaintiffs' requests are properly analyzed under Federal Rule of 56(d). That rule states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery, or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).[1] The Sixth Circuit has endorsed five factors that a court should consider when deciding whether to grant a Rule 56(d) motion for additional discovery:

> (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the non-moving party was responsive to discovery requests.

*HCA-Info. Tech. & Servs., Inc. v. Informatica Corp.*, No. 3:10-CV-01155, 2011 WL 5117727, at *3 (M.D. Tenn. Oct. 25, 2011) (citing *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196–97 (6th Cir. 1995)). As Defendants note, "[c]ourt after court has made clear that the protection that [Rule 56(d)] provides is not intended to shield counsel who were dilatory in conducting discovery." *Mallory v. Noble Correctional Institute*, 45 F. App'x 463, 469 (6th Cir. 2002) (citing *Schaffer v. A.O. Smith Harvestore Prods., Inc.*, 74 F.3d 722, 732 (6th Cir. 1996)). "Thus,

---

[1] The Court acknowledges that Plaintiffs did not provide an affidavit or declaration in support of their motions such that Rule 56(d) technically does not apply to the facts of this case. But because Plaintiffs are asking the Court to grant them additional discovery on the ground that they cannot present facts essential to justify their opposition to Defendants' summary judgment motion, the Court will use Rule 56(d) and corresponding caselaw to guide its analysis.

[courts] pay special attention to the fourth *Plott* factor, whether counsel was dilatory, in the [Rule 56(d)] context." *Id.*

Here, the *Plott* factors weigh heavily in Defendants' favor. Plaintiffs knew they needed the grand jury transcripts before they filed this lawsuit, and this Court's February 4, 2014 Opinion and Order reaffirmed that fact. Plaintiffs then had almost ten months to conduct discovery and raise the issue of unsealing the grand jury transcripts with the Court. Indeed, Plaintiffs raised the issue via telephone in September of 2014 and were invited to brief the issue; however, they failed to do so until after the discovery period expired several months later.

Plaintiffs did not address the untimeliness of their request in their motions. Nor did Plaintiffs file a reply brief addressing these arguments.

Instead, in their motions, Plaintiffs touch only on the second *Plott* factor by arguing that the grand jury transcripts are necessary to defeat Defendants' summary judgment motion. Plaintiffs go as far as stating, "Plaintiffs' claims will almost certainly be dismissed on summary judgment unless they are able to gather information related to the grand jury proceedings." (ECF No. 65, at PAGEID # 1468.) But that factor is only one of five and, even if that factor did weigh in Plaintiffs' favor (which Defendants dispute), it does not outweigh the fact that Plaintiffs had plenty of time during the discovery period to pursue the discovery they now seek.

Plaintiffs' motions therefore are not well taken. The Court declines to address the merits of Plaintiffs' request to unseal the grand jury transcripts and/or compel substantive responses to Plaintiffs' discovery requests at this late stage of the litigation.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion to compel discovery responses (ECF No. 65) and Plaintiffs motion to unseal document and release grand jury transcripts (ECF No. 64). The Court sets the following schedule with respect to Defendants' pending motion for summary judgment (ECF No. 57):

(1) Plaintiffs' memorandum in opposition, if any, shall be filed on or before **June 1, 2015**;

(2) Defendants reply memorandum, if any, shall be filed on or before **June 15, 2015**.

The final pre-trial conference set for June 1, 2015 at 12:00 p.m. and the jury trial scheduled to commence on July 6, 2015 at 9:00 a.m. (ECF No. 43) are hereby **VACATED**. The Court will set new dates for the final pre-trial conference and the jury trial, if necessary, after it adjudicates the pending motion for summary judgment.

**IT IS SO ORDERED.**

**/s/ Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**